UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00291-GNS

NYAAR SEAY        PLAINTIFF

v.

ADLP INVESTMENTS LLC; and
ADLP INVESTMENTS LLC SERIES 1        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 11), Plaintiff's Motion to Remand (DN 12), and Plaintiff's Motion to Stay Proceedings (DN 14). The motions are ripe for adjudication. For the reasons state below, the motion to remand is **GRANTED**, and the other motions are **DENIED AS MOOT**.

### I.    BACKGROUND

Plaintiff Nyaar Seay ("Seay") filed this action in Jefferson Circuit Court, Kentucky, against Defendant ADLP Investments, LLC ("ADLP Investments") asserting a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and various state-law claims relating to the purchase of an automobile. (Compl. ¶¶ 2-3, 23-75, DN 1-1). ADLP Investments timely removed the matter to this Court based upon federal question jurisdiction. (Notice Removal, DN 1).

Following removal, ADLP Investments moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. Dismiss, DN 5). Seay responded by filing the Amended Complaint in which she named ADLP Investments LLC Series 1 as an additional Defendant and

omitted her TILA claim. (Am. Compl. ¶ 4, DN 6). After Seay filed the Amended Complaint, the Court denied the motion as moot. (Order 1, DN 9).

Both Defendants then moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mot. Dismiss, DN 11). Seay responded by moving to remand the case and moving to stay the case pending resolution of her motion to remand. (Pl.'s Mot. Remand, DN 12; Pl.'s Mot. Stay Proceedings, DN 14). The motions are ripe for decision.

## II. DISCUSSION

The parties do not dispute whether the Court had subject matter jurisdiction over this case at the time of removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." (citation omitted)). They disagree, however, as to whether this matter should be remanded to state court after Seay filed the Amended Complaint in which she no longer asserts a federal cause of action.

Neither party has cited the relevant authority in addressing this issue.[1] (Pl.'s Mot. Remand 4 (citing 28 U.S.C. § 1367(c)); Defs.' Resp. Pl.' Mot. Remand 3 (citing 28 U.S.C. § 1447(c))). The Supreme Court's decision in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), involved a case with a similar procedural posture and directly addressed this issue. Noting that

---

[1] In their response, Defendants cite to *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940 (6th Cir. 1994), for the proposition that "the Sixth Circuit [has] recognized an exception to the well-pleaded complaint rule . . . '[arises] when the plaintiff's claim occurs in an area of the law which Congress has so completely preempted that any complaint raising a claim in that area necessarily presents a federal issue.'" (Def.'s Resp. Pl.'s Mot. Remand 4, DN 15 (quoting *Alexander*, 13 F.3d at 944)). The issue in *Alexander*, however, was whether a case was properly removed to federal court based upon federal question jurisdiction when a state law claim was purportedly preempted by the Employment Retirement Income Security Act, not TILA. Defendants have not cited to any cases where a federal court declined to remand a case to state court based upon TILA preemption of a state law claim.

district courts have broad latitude in determining whether to remand a case where no federal claim is remaining, the Supreme Court stated:

> In [*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)], the Court stated that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." More recently, we have made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases. The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Id.* at 353 n.7 (internal citations omitted). The Court further explained:

> Petitioners also argue that giving district courts discretion to remand cases involving pendent state-law claims will allow plaintiffs to secure a state forum through the use of manipulative tactics. Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

*Id.* at 357 (internal citation omitted).

In this instance, consideration of the factors of judicial economy, convenience, fairness, and comity weigh in favor of remand. The case is in its infancy: it was filed in state court on April 17, 2021, and removed to this Court on May 11, 2021. No discovery has taken place. Other than addressing the pending motions, the Court has not invested a significant amount of time in this matter and does not possess such a familiarity with the facts to make it better suited to resolve the pending claims than the state court. Even assuming that Defendants are correct that Seay's decision not to pursue her TILA claim in the Amended Complaint was a strategic one, that fact

3

alone does not warrant this Court retaining jurisdiction over the remaining state law claims when all of the factors are considered.

Accordingly, the Court will grant the motion to remand this matter to Jefferson Circuit Court. In addition, because it is unnecessary to address the merits of the other pending motions, those motions will be denied as moot.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Remand (DN 12) is **GRANTED**. Because no federal claims remain, the Court declines to retain jurisdiction over the state law claims, and this matter is **REMANDED** to Jefferson Circuit Court.

2. Defendants' Motion to Dismiss (DN 11) and Plaintiff's Motion to Stay Proceedings (DN 14) are **DENIED AS MOOT**.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

October 18, 2021

cc: counsel of record
     Jefferson Circuit Court, Civil Action No. 21-CI-002240